Vivian CALHOUN et al.,
Plaintiffs-Appellants,

Deborah Birt et al.,
Intervenors-Appellants,

Emma Armour et al.,
Intervenors-Appellants,

v.

Ed S. COOK et al.,
Defendants-Appellees.

No. 74–2784.

United States Court of Appeals,
Fifth Circuit.

Dec. 31, 1975.

Elizabeth R. Rindskopf, John R. Myer, Atlanta, Ga., Norman J. Chachkin, Jack Greenberg, James M. Nabrit, III, New York City, for Calhoun and others.

Margie Pitts Hames, Glenna L. Stone, Atlanta, Ga., for Armour and others.

Warren C. Fortson, Prentiss Q. Yancey, Jr., Bruce H. Beerman, Atlanta, Ga., for defendants-appellees.

ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

(Opinion Oct. 23, 1975, 5 Cir., 1975, 522 F.2d 717).

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

The Petitions for Rehearing are denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc .are denied.

Plaintiff-appellants assert that our holding is inconsonant with the rule of *Davis v. School Commissioners of Mobile County,* 402 U.S. 33, 37, 91 S.Ct. 1289, 1292, 28 L.Ed.2d 577 (1971), requiring "every effort to achieve the greatest possible degree of actual desegregation, taking into account the practicalities of the situation" and the rule of *United States v. Jefferson County Board of Education,* 372 F.2d 836 (5th Cir. 1966), *affirmed en banc* 380 F.2d 385, 389 (1967), that "public schools in this circuit have the affirmative duty under the Fourteenth Amendment to bring about an integrated, unitary school system in which there are no Negro schools and no white schools—just schools."

These assertions are inaccurate. This panel could not and does not depart from prior precedents. It would blink reality and authority, however, to hold the Atlanta School System to be nonunitary because further racial integration is theoretically possible and we expressly decline to do so. *See Carr v. Montgomery County Board of Education,* D.C., 377 F.Supp. 1123, *affirmed* 511 F.2d 1374 (5th Cir.), *rehearing and rehearing en banc denied* 511 F.2d at 1390 (June 27, 1975), *cert. denied* —— U.S. ——, 96 S.Ct. 394, 46 L.Ed.2d 303 (Nov. 17, 1975). We also judicially notice the corresponding declaration of unitary status by Judge Herbert W. Christenberry relating

to the Orleans Parish School System. *Bush v. Orleans Parish School Board,* Civ.Ac.No. 3630 (E.D.La., August 22, 1975).